UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LOS ANGELES DISTRICT ATTORNEY, et al.,<br><br>　　　　　Respondent. | Case No. CV 18-00102 VAP (RAO)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I. **BACKGROUND**

On December 18, 2017, petitioner Clarence A. Gipbsin ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. (Pet., Dkt. No. 1.) Petitioner also filed a Request for Appointment of Counsel. (Dkt. No. 2.) In his Petition, Petitioner seeks federal habeas relief from his current state custody arising from his conviction in Los Angeles County Superior Court in 1991, case number BA01628, for first-degree murder and second-degree robbery. (Pet. at 2.)[1] Petitioner appears to assert that he is actually innocent of those crimes. (*Id.* at 3-4.)

---

[1] The Petition contains supplemental pages and, as a result, is not consecutively paginated. For ease of reference, the Court uses the page numbers automatically generated by the Court's electronic filing system.

The records of this Court establish that the Petition is a successive petition.[2] Indeed, Petitioner has filed at least 14 habeas petitions related to his 1991 conviction in this District prior to the instant Petition. *See Clarence A. Gipbsin v. People of State of California*, Case No. 2:17-cv-02656-VAP-RAO (C.D. Cal. filed April 7, 2017); *Gipbsin v. Maccumber*, Case No. 2:16-cv-04862-VAP-RAO (C.D. Cal. filed July 1, 2016) (transferred to the Eastern District of California); *Gipbsin v. Louis*, Case No. 2:13-cv-03000-VAP-AN (C.D. Cal. filed Apr. 29, 2013); *Gipbsin v. Runnells*, Case No. 2:01-cv-10750-VAP-AN (C.D. Cal. filed Dec. 13, 2001); *Gipbsin v. Runnels*, Case No. 2:01-cv-07537-DT-AN (C.D. Cal. filed Aug. 29, 2001); *Gipbsin v. Galaza*, Case No. 2:01-cv-02013-DT-AN (C.D. Cal. filed Mar. 1, 2001); *Gipbsin v. Terhune*, Case No. 2:01-cv-06189-FMC-AN (C.D. Cal. filed July 18, 2001); *Gipbsin v. Meyers*, Case No. 2:00-cv-12392-R-SH (C.D. Cal. filed Nov. 21, 2000); *Gipbson v. People of California*, Case No. 2:99-cv-02407-DT-AN (C.D. Cal. filed Mar. 9, 1999); *Gibson v. Pruitt*, Case No. 8:99-cv-00068-DOC-AN (C.D. Cal. filed Jan. 11, 1999); *Gibson v. People of the State of California*, Case No. 2:97-cv-08794-ABC-AN (C.D. Cal. filed Dec. 1, 1997); *Gibson v. Souza*, Case No. 2:97-cv-02267-ABC-AN (C.D. Cal. filed Apr. 7, 1997); *Gibson v. Vanderweide*, Case No. 2:96-cv-01731-RMT-JR (C.D. Cal. filed Mar. 11, 1996); *Gibson v. People of the State of California*, Case No. 2:94-cv-08470-KN-GHK (C.D. Cal. filed Dec. 19, 1994). While some of these petitions raised claims properly asserted, if at all, as civil rights claims under 42 U.S.C. § 1983 or challenged aspects of Petitioner's sentence or possibility for parole, many of these petitions related to the legality of Petitioner's conviction. A number of these prior petitions were dismissed as second or successive without authorization from the Ninth Circuit.

---

[2] The Court takes judicial notice of these court records and files as well as those of the Court of Appeals for the Ninth Circuit, as necessary herein. *See* Fed. R. Evid. 201(b)(2); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

*See, e.g.*, *Memorandum and Order Summarily Dismissing Eighth Petition for Writ of Habeas Corpus for Failure to Obtain Prior Authorization from the Ninth Circuit*, *Gipbsin v. Runnells*, Case No. 2:01-cv-10750-VAP-AN (C.D. Cal. Dec. 13, 2001), ECF No. 3; *Memorandum and Order Summarily Dismissing Seventh Petition for Writ of Habeas Corpus for Failure to Obtain Prior Authorization from the Ninth Circuit*, *Gipbsin v. Galaza*, Case No. 2:01-cv-02013-DT-AN (C.D. Cal. Mar. 14, 2001), ECF No. 5.

A review of the instant Petition demonstrates that Petitioner again seeks federal habeas relief from his state custody arising from his 1991 conviction. (Pet. at 3-4.) The Petition fails to establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court.

## II. DISCUSSION

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that Petitioner's present Petition is clearly a "second or

successive" habeas petition. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not been granted authorization by the Ninth Circuit to file a successive petition for the purpose of raising his present claim. Although the instant Petition requests permission from the Ninth Circuit to file a successive petition, such a request must be filed directly with the Ninth Circuit, not with the district court.

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition. Petitioner's Request for Appointment of Counsel (Dkt. No. 2) is denied as moot.

### III. CERTIFICATE OF APPEALABILITY

Under AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is dismissing the Petition without prejudice because it is a

successive petition without proper authorization from the Ninth Circuit. Since the Petition is patently a successive petition, Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

### IV. ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice for lack of jurisdiction;
2. Petitioner's Request for Appointment of Counsel is **DENIED** as moot; and
3. A Certificate of Appealability is **DENIED**.

DATED: January 22, 2018

_____
VIRGINIA A. PHILLIPS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE